FILED
JUN 27 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
JUL 08 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN TURNER,<br>    a.k.a. "Prince KT,"<br>    a.k.a. "KT,"<br>JUAN MARTINEZ JR.,<br>    a.k.a "John,"<br>    a.k.a. "Johnny,"<br>RODNEY MCLEE,<br>VICKI MURPH-JACKSON,<br>PRINCE TURNER JR.,<br>WANDA TURNER,<br>STEVE BROWN,<br>PRINCE TURNER SR., and<br>DYMICA HILT | No. 02CR0635<br><br>Violations: Title 21,<br>United States Code,<br>Section 841(a)(1), 843,<br>846 and 853; Title 18,<br>United States Code,<br>Sections 2, 922(g)<br>and 924(c)<br><br>JUDGE KOCORAS<br><br>MAGISTRATE JUDGE NOLAN |

### COUNT ONE

THE SPECIAL MAY 2001 GRAND JURY charges:

1. From in or about 1996, until on or about February 21, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere:

KEVIN TURNER,
a.k.a. "Prince KT," a.k.a. "KT,"
JUAN MARTINEZ JR.,
a.k.a. "John," a.k.a. "Johnny,"
RODNEY MCLEE,
VICKI MURPH-JACKSON,
PRINCE TURNER JR.,
WANDA TURNER,
STEVE BROWN,
PRINCE TURNER SR., and
DYMICA HILT,

defendants herein, did conspire and agree with each other, and with others known and unknown to the Grand Jury, knowingly and intentionally to possess with intent to distribute and to distribute controlled substances, namely, in excess of five

kilograms of mixtures containing cocaine and in excess of fifty grams of mixtures containing cocaine base, commonly known as "crack," Schedule II Narcotic Drug Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1).

2. It was part of the conspiracy that defendant KEVIN TURNER directed a drug trafficking organization ("The Organization"), which distributed wholesale quantities of powder cocaine and crack cocaine to various customers.

3. It was further part of the conspiracy that defendant JUAN MARTINEZ JR. and others supplied on consignment ("fronted") wholesale quantities of cocaine to defendant KEVIN TURNER, meaning that defendant JUAN MARTINEZ JR. would distribute cocaine to defendant KEVIN TURNER and receive payment for the narcotics after defendant KEVIN TURNER sold the narcotics to customers of The Organization. Defendant KEVIN TURNER would at times direct defendant RODNEY MCLEE to deliver payments to defendant JUAN MARTINEZ JR. for previously fronted cocaine.

4. It was further part of the conspiracy that defendants RODNEY MCLEE, VICKI MURPH-JACKSON, PRINCE TURNER JR., PRINCE TURNER SR., WANDA TURNER and others, at the direction of defendant KEVIN TURNER, would transport large quantities of cocaine and store large quantities of cocaine and crack cocaine at various locations, including, (1) 402 Hirsch Avenue, Calumet City, Illinois; (2) 8332

South Crandon, Chicago, Illinois; (3) 7645 South Kingston, Chicago, Illinois; and (4) 7630 South Phillips, Chicago, Illinois.

5. It was further part of the conspiracy that defendant STEVE BROWN, at the direction of defendant KEVIN TURNER, would at times convert ("cook") defendant KEVIN TURNER's cocaine into crack cocaine.

6. It was further part of the conspiracy that defendant KEVIN TURNER, and defendants RODNEY MCLEE, VICKI MURPH-JACKSON, PRINCE TURNER JR., WANDA TURNER, STEVE BROWN, PRINCE TURNER SR., and DYMICA HILT, on behalf defendant KEVIN TURNER, delivered cocaine and crack cocaine, to various cocaine customers of The Organization. The cocaine and crack cocaine was fronted to many of the regular customers of The Organization.

7. It was further part of the conspiracy that defendants RODNEY MCLEE and VICKI MURPH-JACKSON, on behalf of defendant KEVIN TURNER, would collect, count and store United States currency generated by the sale of narcotics.

8. It was further part of the conspiracy that defendant KEVIN TURNER fronted wholesale quantities of cocaine to defendants STEVE BROWN, WANDA TURNER and other co-conspirators, for resale to others.

9. It was further part of the conspiracy that defendants and other co-conspirators possessed firearms to advance the conspiracy's objectives of selling cocaine and crack cocaine and to

3

preserve and protect the narcotics, as well as the proceeds of the narcotics sales.

10. It was further part of the conspiracy that defendants and their co-conspirators used cellular telephones and land line telephones to facilitate their drug transactions.

11. It was further a part of the conspiracy that the defendants and other co-conspirators would and did conceal and hide and cause to be concealed and hidden the purposes of the acts done in furtherance of the conspiracy, and would and did use coded language, surveillance and counter-surveillance techniques and other means to avoid detection and apprehension by law enforcement authorities and otherwise to provide security to the members of the conspiracy;

All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

**COUNT TWO**

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about February 21, 2002, at Calumet City, in the Northern District of Illinois, Eastern Division,

>KEVIN TURNER,
>a.k.a. "Prince KT," a.k.a. "KT,"
>RODNEY MCLEE and
>VICKI MURPH-JACKSON

defendants herein, knowingly and intentionally possessed with the intent to distribute controlled substances, namely, in excess of five kilograms of mixtures containing cocaine, and in excess of 50 grams of mixtures containing cocaine base (commonly known as "crack cocaine"), Schedule II Narcotic Drug Controlled Substances;

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT THREE**

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about February 21, 2002, at Calumet City, in the Northern District of Illinois, Eastern Division,

> RODNEY MCLEE and
> VICKI MURPH-JACKSON,

defendants herein, possessed a firearm, namely, a 9 millimeter Beretta handgun bearing serial number L13073Z, in furtherance of a drug trafficking offense for which they may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Sections 841(a)(1), as more fully set forth in Count Two of this indictment;

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## COUNT FOUR

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about March 3, 1999, at Chicago, in the Northern District of Illinois, Eastern Division,

KEVIN TURNER,
a.k.a. "Prince KT," a.k.a. "KT,"

defendant herein, did knowingly and intentionally distribute a controlled substance, namely, in excess of 500 grams of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FIVE**

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about May 19, 1998, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

RODNEY MCLEE,

defendant herein, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, in and affecting interstate commerce, namely, an Industria Argentina .45 caliber semi-automatic handgun bearing serial number 43579;

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIX

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about December 29, 2001, at approximately 4:38 p.m. (call 37), in the Northern District of Illinois, Eastern Division,

> KEVIN TURNER,
> a.k.a. "Prince KT," a.k.a. "KT," and
> PRINCE TURNER JR.,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with the intent to distribute and to distribute cocaine and crack cocaine, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code 2.

## COUNT SEVEN

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about February 6, 2002, at approximately 2:34 p.m. (call 124), in the Northern District of Illinois, Eastern Division,

KEVIN TURNER,
a.k.a. "Prince KT," a.k.a. "KT," and
STEVE BROWN,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with the intent to distribute and to distribute cocaine and crack cocaine, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code 2.

**COUNT EIGHT**

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about January 4, 2002, at approximately 1:04 p.m. (call 325), in the Northern District of Illinois, Eastern Division,

              KEVIN TURNER,
a.k.a. "Prince KT," a.k.a. "KT," and
             RODNEY MCLEE,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with the intent to distribute and to distribute cocaine and crack cocaine, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code 2.

## COUNT NINE

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about January 4, 2002, at approximately 1:17 p.m. (call 326), in the Northern District of Illinois, Eastern Division,

> KEVIN TURNER,
> a.k.a. "Prince KT," a.k.a. "KT," and
> DYMICA HILT.,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with the intent to distribute and to distribute cocaine and crack cocaine, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code 2.

**COUNT TEN**

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about February 7, 2002, at approximately 7:18 p.m. (call 154), in the Northern District of Illinois, Eastern Division,

KEVIN TURNER,
a.k.a. "Prince KT," a.k.a. "KT," and
VICKI MURPH-JACKSON,

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with the intent to distribute and to distribute cocaine and crack cocaine, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code 2.

## COUNT ELEVEN

The SPECIAL MAY 2001 GRAND JURY further charges:

On or about February 15, 2002, at approximately 2:22 p.m. (call 380), in the Northern District of Illinois, Eastern Division,

KEVIN TURNER,
a.k.a. "Prince KT," a.k.a. "KT," and
JUAN MARTINEZ JR.,
a.k.a. "John," a.k.a. "Johnny,"

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with the intent to distribute and to distribute cocaine and crack cocaine, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code 2.

**FORFEITURE ALLEGATIONS**

The SPECIAL MAY 2001 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates here by reference the allegations of Counts One through Ten of this Indictment for the purpose of alleging that certain property is subject to forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2. As a result of their violations of Title 21, United States Code, Sections 841(a)(1), 843 and 846, as alleged in Counts One, Two, Four, Six through Eleven of this Indictment,

>       KEVIN TURNER,
> a.k.a. "Prince KT," a.k.a. "KT,"
>       JUAN MARTINEZ JR.,
> a.k.a. "John," a.k.a. "Johnny,"
>       RODNEY MCLEE,
>       VICKI MURPH-JACKSON,
>       PRINCE TURNER JR.,
>       WANDA TURNER,
>       STEVE BROWN,
>       PRINCE TURNER SR., and
>       DYMICA HILT,

defendants herein, shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853(a)(1) and (2): (1) any and all property constituting or derived from any proceeds the defendants obtained, directly or indirectly, as a result of said violations; and (2) any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violations.

3. The interests of the defendants jointly and severally subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853, include, but are not limited to: (1) real property located at 8332 South Crandon Avenue, Chicago, Illinois, which property is described under parcel number 20-36-404-030 as follows:

SEC/TWN/RNG/MERIDIAN: SEC 36 TWN 38N RNG 14E;

(2) real property located at 7645 South Kingston Avenue, Chicago, Illinois, which property is described under parcel number 21-30-310-009 as follows:

LOT: 2; BLOCK: 8; SUBDIVISION: SOUTH SHORE PARK BEING A SUB OF WH S; SEC/TWN/RNG/MERIDIAN: SEC 30 TWN 38N RNG 15E;

(3) real property located at 7630 South Phillips Avenue, Chicago, Illinois, which property is described under parcel index number 21-30-110-017 as follows:

LOT: 2; BLOCK: 5; SUBDIVISION: SOUTH SHORE PARK BEING A SUB OF WH S; SEC/TWN/RNG/MERIDIAN: SEC 30 TWN 38N RNG 15E;

and (4) real property located at 402 Hirsch Avenue, Calumet City, Illinois, which property is described under parcel number 30-08-103-060 as follows:

LOT: 46&47; BLOCK: 3; SUBDIVISION: FULCHERS ADDITION TO HAMMOND; SEC/TWN/RNG/MER: S08T36NR15E 3P.

4. If any of the property described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendants:

    (a) Cannot be located upon the exercise of due diligence;

    (b)    Has been transferred or sold to, or deposited with, a third party;

    (c)    Has been placed beyond the jurisdiction of the court;

    (d)    Has been substantially diminished in value; or

    (e)    Has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to the provisions of 21 U.S.C. § 853(p), to seek forfeiture of substitute property belonging to the defendants KEVIN TURNER, JUAN MARTINEZ JR., RODNEY MCLEE, VICKI MURPH-JACKSON, PRINCE TURNER JR., WANDA TURNER, STEVE BROWN, WANDA TURNER, PRINCE TURNER SR., and DYMICA HILT.

All pursuant to 21 U.S.C. § 853.

A TRUE BILL:

FOREPERSON

UNITED STATES ATTORNEY

17

No. _____

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

US v. KEVIN TURNER, a.k.a. "Prince KT," a.k.a. "KT," JUAN MARTINEZ JR., a.k.a. "John," a.k.a. "Johnny," RODNEY MCLEE, VICKI MURPH-JACKSON, PRINCE TURNER JR., WANDA TURNER, STEVE BROWN, PRINCE TURNER SR., and DYMICA HILT

# INDICTMENT

Violations: 21 USC § 841(a)(1), 843, 846 and 853; 18 USC §§ 2, 922(g) and 924(c)

A true bill,

_____
Foreman

Filed in open court this _____ day of JUN 27 2002

_____
MICHAEL W. DOBBINS
Clerk

Bail, $ _____