# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __ILLINOIS__

UNITED STATES OF AMERICA
V.
VICKI MURPH-JACKSON

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: 02 CR 635-4
USM Number: 14294-424
Allison Siegler
Defendant's Attorney

**Date of Original Judgment:** 02/24/2004
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☒ Direct Motion to District Court Pursuant ☒ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☐ pleaded guilty to count(s) _____
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☒ was found guilty on count(s) __1, 2 and 10__ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846 | Conspiracy to Possess With Intent to Distribute Cocaine... | Feb 2002 | 1 |
| 21:841(a)(1) | Possess With Intent to Distribute Cocaine & Cocaine Base | Feb 2002 | 2 |
| 21:843(b) | Use of Telephone in Drug Conspiracy | Jan 2002 | 10 |

The defendant is sentenced as provided in pages 2 _____9_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s) __3__

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 14, 2009
Date of Imposition of Judgment

*Charles P. Kocoras*
Signature of Judge

CHARLES P. KOCORAS, U.S. District Judge
Name and Title of Judge

July 14, 2009
Date

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __2__ of __9__

DEFENDANT: Vicki Murph-Jackson
CASE NUMBER: 02 CR 635-4

## * - IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term **ONE HUNDRED TWENTY (120) MONTHS** on each of Counts 1 and 2, and **FORTY EIGHT (48) MONTHS** on Count 10. Said sentence of imprisonment on each of Counts 1, 2 and 10 to run concurrently with each other for a total term of imprisonment of **ONE HUNDRED TWENTY (120) MONTHS**.

All costs of imprisonment are hereby waived.

X    The court makes the following recommendations to the Bureau of Prisons:

Pekin, Illinois

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐ at _____ ☐ a.m. ☐ p.m. on _____.

     ☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 2 p.m. on _____.

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 05/1 Amended Judgment in a Criminal Case)
Sheet 3 — Supervised Release
Case: 1:02-cr-00635 Document #: 353 Filed: 07/14/09 Page 3 of 14 PageID #:1563
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 3 of 9

DEFENDANT: Vicki Murph-Jackson
CASE NUMBER: 02 CR 635-4

## * - SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
**FIVE (5) YEARS** on each of Counts 1 and 2, and **ONE (1) YEAR** on Count 10. Said sentence of supervised release on Counts 1, 2 and 10 to run concurrently with each other for a total term of supervised release of **FIVE (5) YEARS**.

All costs of supervised release are hereby waived.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

DEFENDANT: Vicki Murph-Jackson
CASE NUMBER: 02 CR 635-4

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS** $ _____ $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 9

DEFENDANT: Vicki Murph-Jackson
CASE NUMBER: 02 CR 635-4

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  X  Lump sum payment of $ __300.00__ due immediately.

  ☐ not later than _____ , or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:

  See attached Preliminary Order of Forfeiture dated February 24, 2004.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 02 CR 635-4 |
| | ) | | |
| VICKI MURPH-JACKSON | ) | Chief Judge Charles P. Kocoras | |

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 21, United States Code, Section 853(a)(1) and (2), and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On June 27, 2002, an indictment was returned charging defendant VICKI MURPH-JACKSON and others with violations of the Controlled Substances Act pursuant to the provisions of 21 U.S.C. §§ 841(a)(1), 843(b), and 846, among other violations;

(b) The indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 853(a)(1) and (2);

(c) Beginning on November 3, 2003, a jury trial was held before this Court.

(d) On November 18, 2003, a verdict of guilty was returned against defendant VICKI MURPH-JACKSON and others on several counts of the indictment, including Counts One, Two, and Ten thereby making certain property subject to forfeiture pursuant to 21 U.S.C. § 853;

(e) Furthermore, on November 18, 2003, upon consideration of the forfeiture allegations in the indictment, the jury returned a special forfeiture verdict finding the property listed below subject to forfeiture pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2), which property represent proceeds that defendant VICKI MURPH-JACKSON obtained, directly or indirectly, as a result of her violations of narcotics activities and property further represents property used or intended to be used, in any manner, to facilitate the commission of her narcotics activities:

1. the real property located at 402 Hirsh Avenue, Calumet City, Illinois, ("Hirsh property") which property is more particularly described as follows:

   LOT 46 (EXCEPT THE SOUTH 1/2 THEREOF) AND ALL OF LOT 47 IN BLOCK 3 IN FULCHER'S ADDITION TO HAMMOND IN SECTION 8, TOWNSHIP 36 NORTH, RANGE 15 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

   PIN: 30-08-103-060-0000.

2. funds in the amount of $50,000.

(f) Accordingly, the United States seeks forfeiture of all right, title, and interest that defendant VICKI MURPH-JACKSON may have in the foregoing property, so that the property may be disposed of according to law;

(g) Pursuant to the provisions of 21 U.S.C. § 853(g), upon entry of this preliminary order of forfeiture, the United States Marshal shall seize and take custody of the foregoing property for disposition as the Attorney General may direct;

(h) The United States requests that terms and conditions of the preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant VICKI MURPH-JACKSON and included in any judgment and commitment order entered in this case

against her;

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2) and Fed. R. Crim. P. 32.2, all right, title and interest of defendant VICKI MURPH-JACKSON in the property listed below is hereby forfeited to the United States of America for disposition according to law;

   (a) the real property located at 402 Hirsh Avenue, Calumet City, Illinois, ("Hirsh property") which property is more particularly described as follows:

   LOT 46 (EXCEPT THE SOUTH 1/2 THEREOF) AND ALL OF LOT 47 IN BLOCK 3 IN FULCHER'S ADDITION TO HAMMOND IN SECTION 8, TOWNSHIP 36 NORTH, RANGE 15 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

   PIN: 30-08-103-060-0000.

   (b) funds in the amount of $50,000.

2. That, pursuant to the provisions of 21 U.S.C. § 853(g), upon entry of this preliminary order of forfeiture, the United States Marshal shall seize and take custody of the property for disposition as the Attorney General may direct;

3. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), upon entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, to the extent practicable, pursuant to statute, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture as a substitute for published notice as to those persons so notified including Chase Manhattan Mortgage Corporation and the Cook County Tax Assessor;

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), any person other than the defendant, asserting a legal claim in the property which has been ordered forfeited to the United States may, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3) whichever is earlier, petition this Court for a hearing to adjudicate the validity of this alleged interest in the property. The hearing shall be held before the Court alone, without a jury;

5. That, following the Court's disposition of all third party interests, the Court shall, if appropriate, enter a final order of forfeiture as to the property which is the subject of this preliminary order of forfeiture, which shall vest clear title in the United States of America;

6. That, terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant VICKI MURPH-JACKSON and shall be made part of any judgment and commitment order entered in this case against her;

7. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

*Charles P. Kocoras*
Chief Judge, Charles P. Kocoras
United States District Court

DATED: FEB 2 4 2004

4

⚖AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

     Northern     District of     Illinois

UNITED STATES OF AMERICA
V.

Vicki Murph-Jackson

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:   02 CR 635-4

William Laws
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

X was found guilty on count(s)   1, 2 & 10
   after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846 | Conspiracy to Possess With Intent to Distribute Cocaine ... | February 2002 | 1 |
| 21:841(a)(1) | Possess With Intent to Distribute Cocaine & Cocaine Base | February 2002 | 2 |
| 21:843(b) | Use of Telephone in Drug Conspiracy | January 2002 | 10 |

   The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X The defendant has been found not guilty on count(s)   3

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

   IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

February 24, 2004
Date of Imposition of Judgment

*Charles P. Kocoras* (signature)
Signature of Judicial Officer

CHARLES P. KOCORAS, Chief U.S. District Court Judge
Name and Title of Judicial Officer

February 24, 2004
Date

Judgment — Page 2 of 5

DEFENDANT: Vicki Murph-Jackson
CASE NUMBER: 02 CR 635-4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of TWO HUNDRED SIXTY TWO (262) MONTHS on each of Counts 1 and 2, and FORTY EIGHT (48) MONTHS on Count 10. Said sentence on each of Counts 1, 2 and 10 are to run concurrently with each other.

X  The court makes the following recommendations to the Bureau of Prisons:

Pekin, Illinois

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____
   ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case: 1:02-cr-00635 Document #: 353 Filed: 07/14/09 Page 12 of 14 PageID #:1572

AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 5

DEFENDANT: Vicki Murph-Jackson
CASE NUMBER: 02 CR 635-4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  FIVE (5) YEARS on each of Counts 1 and 2, and THREE (3) YEARS on Count 10.  Said sentence of supervised release on each of Counts 1, 2 & 10 are to run concurrently with each other.

   The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and random tests thereafter, conducted by the U.S Probation Office, not to exceed 104 tests per year.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

   If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

   The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page   4   of   5  

DEFENDANT: Vicki Murph-Jackson
CASE NUMBER: 02 CR 635-4

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|            | **Assessment** | **Fine** | **Restitution** |
|------------|----------------|----------|-----------------|
| **TOTALS** | $ 300.00       | $        | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|-------------------|---------------------------|-----------------------------------|---------------------------------------------|
|                   |                           |                                   |                                             |
| **TOTALS**        | $                         | $                                 |                                             |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine and/or    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine and/or    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 6 — Criminal Monetary Penalties

Judgment — Page  5  of  5

DEFENDANT: Vicki Murph-Jackson
CASE NUMBER: 02 CR 635-4

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ In full immediately; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E X Special instructions regarding the payment of criminal monetary penalties:

Special Assessment may be paid over time, as directed by the Probation Department.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:
SEE ATTACHED PRELIMINARY ORDER OF FORFEITURE

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.