UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 02 CR 635 |
| v. | ) | |
| | ) | Hon. Charles P. Kocoras |
| VICKI MURPH-JACKSON | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE

Pursuant to 18 U.S.C. § 3582(c), Vicki Murph-Jackson has moved for a reduction of her sentence because the Sentencing Guidelines for crack offenses have been amended. Her motion should be denied, since Vicki Murph-Jackson does not qualify for a reduced sentence.

Vicki Murph-Jackson was charged by way of indictment in 2002 with a variety of narcotics offenses growing out of her role in the Kevin Turner drug organization that operated for years on the south side of Chicago. R.1. Count One charged nine defendants, including Murph-Jackson, with conspiracy to possess with the intent to distribute and to distribute in excess of five kilograms of cocaine in violation of Title 21, United States Code, Section 846. R. 1 at 1-4. Count Two charged Kevin Turner, Rodney McLee and Murph-Jackson with possession of cocaine and cocaine base with intent to distribute (21 U.S.C. § 841(a)(1)). R. 1 at 5. Count Three charged McLee and Murph-Jackson with possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. §

924(c)). R. 1 at 6. Counts Six through Eleven consisted of telephone counts against various defendants (21 U.S.C. 843(b)). R. 1 at 9-14.

Murph-Jackson went to trial with Rodney McLee and Wanda Turner; the jury convicted them. Murph-Jackson was convicted of Count One, Count Two, and Count Ten, and acquitted of Count Three. R. 180, 182, 184, 187. On February 24, 2004, Murph-Jackson was sentenced to 262 months' imprisonment. 2/24/04 Tr. 18. The Court arrived at the sentence as a product of an offense level 38, based on more than 150 kilograms of cocaine and more than 1.5 kilograms of crack cocaine, and a criminal history category II; the Court imposed a sentence of the low end of the guidelines range. The Seventh Circuit affirmed Murph-Jackson's conviction and sentence. *United States v. Murph-Jackson*, 187 Fed. Appx. 653 (7th Cir. 2006).

On September 2, 2008, the Court granted Murph-Jackson's § 2255 motion attacking her sentence on the ground that she received constitutionally ineffective assistance of counsel. *Murph-Jackson v. United States*, 07 C 6005, R. 21 at 2. In a later ruling, the Court found that Murph-Jackson was eligible for the safety-valve reduction of Guideline § 5C1.2. 07 C 6005, R. 25. Murph-Jackson was resentenced at a lowered guideline offense level of 36 (due to the safety-valve reduction), criminal history category I: 188 to 235 months. The Court ultimately imposed a sentence of 120 months. R. 353.

At each stage of the sentencing proceedings—whether at the original sentencing, the § 2255 proceedings challenging those proceedings, or the resentencing following the grant of the § 2255 motion—Murph-Jackson has been held responsible for over 150 kilograms of powder cocaine in addition to 1.5 kilos or more of crack cocaine. PSR at 4-5. This drug quantity was amply supported by the trial evidence, *see, e.g., United States v. McLee*, 436 F.3d 751, 755-56 (7th Cir. 2006), and drug quantity was not one of the subjects of litigation challenged by Murph-Jackson's § 2255 motion. *See* 07 C 6005, R. 6 at 1-10

Murph-Jackson now moves for reduction of her sentence based on the recent amendments to the crack cocaine guidelines. R. 375. But Murph-Jackson's guidelines range has not changed, since the amount of powder cocaine for which she was responsible was more than enough to support the offense level at which she was sentenced (at resentencing, this was a 38 minus 2 for the safety valve). Even if the Court were to apply the reduced guidelines for crack cocaine to Murph-Jackson or *ignore entirely* the crack cocaine for which he was responsible, her base offense level would remain at 38 based on this amount of powder cocaine. *See, e.g., United States v. White*, 582 F.3d 787, 798-99 (7th Cir. 2009). Since the amendment to the crack guideline does not have the effect of lowering Murph-Jackson's sentencing range, she is not entitled to be resentenced under § 3582(c).

The Court should deny Murph-Jackson's section 3582(c) motion for reduced sentence.

                    Respectfully submitted,

                    PATRICK J. FITZGERALD
                    United States Attorney


                    /s/ Stuart D. Fullerton
               By:  STUART D. FULLERTON
                    Assistant United States Attorneys
                    219 S. Dearborn St., 5th Floor
                    Chicago, Illinois  60604
                    (312) 353-5266


Date:  June 29, 2010

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO REDUCE SENTENCE**

was served on June 29, 2010, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, and will be served on June 29, 2010, by first-class mail to the following non-ECF filer.

To: Vicki Murph-Jackson
#14294-424
Danbury -FCI
Route 37
Danbury, CT 06811

/s/ Stuart D. Fullerton
STUART D. FULLERTON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 353-5266