IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 02-CR-635-4 |
| vs. ) | Hon. Charles P. Kocoras |
| ) | |
| VICKI MURPH-JACKSON ) | |

### VICKI MURPH-JACKSON'S UNOPPOSED MOTION
### TO TERMINATE SUPERVISED RELEASE

Defendant VICKI MURPH-JACKSON, by the University of Chicago Law School's Federal Criminal Justice Clinic and its attorney, ALISON SIEGLER, respectfully moves this Court to terminate her term of supervised release. United States Probation Officer (USPO) Amanda Pawlowski is in support of this motion, and Assistant United States Attorney Stuart Fullerton has no objection to early termination.

In support of this motion, Ms. Murph-Jackson states as follows:

1. In 2003, Ms. Murph-Jackson was found guilty at trial of two drug-related offenses. The Court originally sentenced her to 262 months, the low end of the guidelines range. On September 2, 2008, the Court granted Ms. Murph-Jackson's § 2255 motion on the ground that her original attorney had provided ineffective assistance of counsel at sentencing. *Murph-Jackson v. United States*, 07-C-6005, DE 21. In 2009, the Court resentenced her to ten years in custody and five years of supervised release. Her term of supervision began on September 19, 2012.

2. As of the filing of this motion, Ms. Murph-Jackson has completed nearly four-and-a-half years of her five-year term of supervised release. Her supervision is set to expire in just over six months, on September 18, 2017. Ms. Murph-Jackson has fully complied with all of

1

the terms and conditions of her supervised release and has not committed any new crimes. She is gainfully employed and has kept in regular contact with her probation officer regarding all aspects of her supervised release. At sentencing, Ms. Murph-Jackson was ordered to pay a special assessment fee of $300, which was satisfied on July 14, 2009. No restitution was imposed in her case.

3. Under 18 U.S.C. § 3583(e)(1), this Court may terminate a term of supervised release and discharge the defendant at any time "after the expiration of one year of supervised release," if, after considering the factors enumerated in 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

4. Ms. Murph-Jackson's seamless rehabilitation and model conduct since sentencing provide "the most up-to-date picture of [her] 'history and characteristics'" and weigh in favor of early termination. *Pepper v. United States*, 562 U.S. 476, 491–92 (2011) (citing § 3553(a)(1)) ("As the original sentencing judge recognized, the extensive evidence of [the defendant's] rehabilitation since his initial sentencing is clearly relevant to the selection of an appropriate sentence in this case.").

5. Ms. Murph-Jackson has been a model supervisee since she was released from custody. She currently works at ManorCare Health Services, which is a skilled nursing care facility in the Chicago area. Ms. Murph-Jackson works in the kitchen. The job brings her fulfillment and purpose. Outside of work, Ms. Murph-Jackson is dedicated to her family and she likewise relies on her family for support. Her mother, sisters, children, and grandchildren live nearby. As a sign of her dedication to her family, Ms. Murph-Jackson often babysits for her eight grandchildren during the day while her own children are at work.

6. Ms. Murph-Jackson is requesting early termination because no further period of supervised release is necessary to fulfill the purposes of punishment enumerated in § 3553(a)(2). Ms. Murph-Jackson is flourishing in her position at ManorCare Health Services and she has demonstrated her dedication to her family, her community, and her rehabilitation since she was released from custody. Given Ms. Murph-Jackson's unmitigated success on supervised release, further supervision is not necessary to serve the goals of specific deterrence, general deterrence, and protection of the public reflected in § 3553(a)(2)(B) and (C).

7. Ms. Murph-Jackson's exemplary conduct while on supervised release satisfies the requirements of 18 U.S.C. § 3583(e)(1). In addition, Probation Officer Amanda Pawlowski fully supports Ms. Murph-Jackson in this motion, and Assistant United States Attorney Stuart Fullerton has no objection to early termination.

For the foregoing reasons, Ms. Murph-Jackson respectfully moves this Court for early termination of her term of supervised release.

Dated: March 13, 2017          Respectfully submitted,

*/s/ Alison Siegler*
ALISON SIEGLER
Attorney for Vicki Murph Jackson

ALISON SIEGLER
FEDERAL CRIMINAL JUSTICE CLINIC
The University of Chicago Law School
6020 South University Avenue
Chicago, IL 60637
(773) 834-1680

3

## CERTIFICATE OF SERVICE

The undersigned, <u>Alison Siegler</u>, an attorney with the University of Chicago Law School Mandel Legal Aid Clinic's Federal Criminal Justice Project, hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, L.R. 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

## VICKI MURPH-JACKSON'S UNOPPOSED MOTION TO TERMINATE SUPERVISED RELEASE

was served pursuant to the district court's ECF system as to ECF filings, if any, and was sent by first-class mail/hand delivery on March 13, 2017, to counsel/parties that are non-ECF filers.

By: */s/ Alison Siegler*
Alison Siegler
Director, Federal Criminal Justice Clinic
University of Chicago Law School
6020 South University Avenue
Chicago, Illinois 60637
(773) 834-1680